IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDINA LIMA, | No. C 09-3561 CW |
| Plaintiff, | ORDER GRANTING DEFENDANTS AMERICAN HOME MORTGAGE SERVICING, INC. AND AHMSI DEFAULT SERVICES, INC.'S MOTION TO DISMISS (Docket No. 5) |
| v. | |
| AMERICAN HOME MORTGAGE SERVICING, INC.; AHMSI DEFAULT SERVICES, INC.; and FIDELITY NATIONAL TITLE COMPANY, | |
| Defendants. | |
| _____/ | |

Plaintiff Osvaldina Lima charges Defendants American Home Mortgage Servicing, Inc. and AHMSI Default Services, Inc. with violations of various federal statutes and regulations in connection with a mortgage she obtained to finance her purchase of rental property.  American Home and AHMSI (collectively, American Home) move to dismiss Plaintiff's complaint.[1]  Plaintiff opposes the motion.  The motion was decided on the papers.  Having considered all of the papers submitted by the parties, the Court GRANTS American Home's motion and dismisses Plaintiff's Truth in Lending Act (TILA), Real Estate Settlement Procedures Act (RESPA), Equal Credit Opportunity Act (ECOA) and Fair & Accurate Credit Transactions Act (FACTA) claims with leave to amend.  However, to the extent that Plaintiff seeks rescission under TILA and RESPA,

---

[1] Although Fidelity is named as a Defendant, it does not appear to have been served.  Nor are any claims asserted against it in the body of the complaint.  It did not join American Home's motion.

the Court dismisses those requests with prejudice.  The Court dismisses with prejudice Plaintiff's claim under the Gramm, Leach, Biley Act (GLBA) because there is no private right of action under that law.

BACKGROUND

On December 1, 2002, Plaintiff obtained a loan from Ameriquest Mortgage Company to purchase a rental property in Oakland, California.  On or about January 29, 2009, Plaintiff received a letter notifying her that she was in default on the loan. Compl. Ex. B.  A notice of default was filed in the official records of Alameda County on February 2, 2009.  Request for Judicial Notice (RJN), Ex. 2.[2]

On April 28, 2009, Plaintiff sent American Home a letter, requesting "a life of loan accounting and a copy" of her loan file. Compl., Ex. D.  She also alleged various "truth in lending/RESPA violations."  Id.  The letter was labeled "Qualified Written Request" and demanded a response within twenty days.  Id.

American Home recorded a notice of trustee's sale on May 14, 2009, indicating that Plaintiff's property would be sold on June 2, 2009.  RJN Ex. 5.  In a letter dated May 24, 2009, Plaintiff demanded cancellation and reasserted the statutory violations. Compl., Ex. F.  On June 3, 2009, American Home responded to her letter, stating that, as loan servicers, they did not have the information that she sought and that she should contact the original lenders.  Compl. ¶ 13; Opp'n at 2.  Thereafter, Plaintiff

United States District Court
For the Northern District of California

---

[2] American Home's request for judicial notice is GRANTED.  The documents contain facts which are not subject to reasonable dispute.  Fed. R. Evid. 201.

1  sent letters to entities she identified as her lenders.  Compl.

2  ¶ 14.

3      Plaintiff filed her complaint on July 29, 2009, asserting that

4  American Home violated TILA, RESPA, ECOA, GLBA and FACTA.

5  Plaintiff apparently premises her allegations on American Home's

6  failure to keep notices and other paperwork in the "title company

7  file."  Compl. ¶ 12.  She asserts a cause of action for

8  "injunction," and maintains that, pursuant to 12 U.S.C.

9  § 2603(e)(2), she is entitled to "rescission and penalties for the

10 violations."  Compl. ¶ 17.

11                              LEGAL STANDARD

12      A complaint must contain a "short and plain statement of the

13 claim showing that the pleader is entitled to relief."  Fed. R.

14 Civ. P. 8(a).  When considering a motion to dismiss under Rule

15 12(b)(6) for failure to state a claim, dismissal is appropriate

16 only when the complaint does not give the defendant fair notice of

17 a legally cognizable claim and the grounds on which it rests.

18 Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In

19 considering whether the complaint is sufficient to state a claim,

20 the court will take all material allegations as true and construe

21 them in the light most favorable to the plaintiff.  NL Indus., Inc.

22 v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this

23 principle is inapplicable to legal conclusions; "threadbare

24 recitals of the elements of a cause of action, supported by mere

25 conclusory statements," are not taken as true.  Ashcroft v. Iqbal,

26 ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550

27 U.S. at 555).

28      Although the court is generally confined to consideration of

3

1  the allegations in the pleadings, when the complaint is accompanied

2  by attached documents, such documents are deemed part of the

3  complaint and may be considered in evaluating the merits of a Rule

4  12(b)(6) motion.  <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265,

5  1267 (9th Cir. 1987).

6                            DISCUSSION

7       As stated above, Plaintiff's complaint asserts a cause of

8  action for "injunction" and states that she seeks a preliminary

9  injunction and rescission of her mortgage.  American Home correctly

10 notes that an injunction is a remedy, not a cause of action.

11 However, other portions of the complaint allege violations of

12 federal statutes.  Plaintiff's complaint is therefore construed to

13 raise causes of actions under these statutes and to seek rescission

14 of her mortgage, monetary damages and a preliminary and permanent

15 injunction against the trustee sale based on these violations.  The

16 Court analyzes these claims accordingly.[3]

17 I.   TILA Claim

18      Plaintiff alleges that there were several documents "not in

19 the title company's file," including a right of rescission notice,

20 an initial ARM disclosure and a final truth-in-lending statement.

21 Compl. at 3:9-10.  Plaintiff appears to suggest that because these

22 documents were not in her loan file, they must not have been

23 properly disclosed at the time her loan was executed.  To the

24

25      [3] American Home asserts that Plaintiff's complaint must be
   dismissed because, in challenging the trustee's sale, she failed to
   assert tender.  However, tender is a requirement where a
26 foreclosure sale has already occurred.  <u>See, e.g.</u>, <u>Abdallah v.
   United Savings Bank</u>, 43 Cal. App. 4th 1101, 1105 (1996); <u>U.S. Cold
27 Storage v. Great W. Sav. & Loan Ass'n</u>, 165 Cal. App. 3d 1214, 1220
   (1985).  Here, there is no evidence showing that the foreclosure
28 sale has already taken place.

                                   4

extent that Plaintiff asserts a TILA claim, American Home argues that it is untimely.

As alleged, Plaintiff's complaint does not state a claim under TILA. Although TILA requires that certain disclosures be made in the loan origination process, an allegation that these disclosures are not in the title company's file is insufficient to allege illegal non-disclosure.

Even if she properly asserted a TILA claim, she cannot seek rescission. Generally, TILA provides obligors the right to rescind a loan transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing" the required material disclosures. 15 U.S.C. § 1635(a). If the required disclosures are not provided, the right to rescission nonetheless expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." Id. § 1635(f). Section 1635(f) "limits more than the time for bringing a suit, by governing the life of the underlying right as well." Beach v. Ocwen Federal Bank, 523 U.S. 410, 417 (1998). There is "no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." Id. at 419. Because Plaintiff obtained her loan in December, 2002, her right to rescission, to the extent she had one, expired in December, 2005.

Plaintiff attempts to resurrect her rescission right by citing Matter of Coxson, 43 F.3d 189 (5th Cir. 1995). But Coxson is distinguishable. That case addressed 15 U.S.C. § 1640(e), which addresses TILA's one-year statute of limitations for damages. The

5

statute does not bar persons from raising a TILA violation as a defense to an action against them "by recoupment or set-off in such action." Id.; see also Coxson, 43 F.3d at 193. Here, Plaintiff does not assert a defense of recoupment.

Similarly unavailing is Plaintiff's citation to King v. State of California, 784 F.2d 910 (9th Cir. 1986). Like Coxson, King addressed 15 U.S.C. § 1640(e). The court held that under appropriate circumstances, including where fraud or non-disclosures are alleged, TILA's statute of limitations for damages may be equitably tolled. King, 784 F.2d at 915. Plaintiff asserts that the limitations period should be equitably tolled, but does not plead facts to justify tolling.

Accordingly, Plaintiff's TILA claim is dismissed with leave to amend to plead facts showing that American Home failed to disclose information in violation of TILA. Further, to the extent that she seeks monetary damages, Plaintiff must plead facts supporting equitable tolling. However, Plaintiff's request for rescission based on her TILA claim is dismissed with prejudice because her right to rescission expired in December, 2005.

II. RESPA Claims

A. American Home's Duty to Respond

Plaintiff asserts that American Home violated RESPA by failing to respond to her qualified written requests (QWRs) in a timely fashion.

A loan servicer that "receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan . . . shall provide a written response acknowledging receipt of the correspondence within

20 days (excluding legal public holidays, Saturdays, and Sundays)."
12 U.S.C. § 2605(e)(1)(A).  "Not later than 60 days (excluding
legal public holidays, Saturdays, and Sundays) after the receipt
from any borrower of any qualified written request," the servicer
shall, among other things, make appropriate adjustments to the
borrower's account and, if necessary, provide a "written
explanation or clarification" that explains "why the information
requested is unavailable or cannot be obtained by the service" and
"the name and telephone number of an individual employed by, or the
office or department of, the servicer who can provide assistance to
the borrower."  Id. § 2605(e)(2).  Individuals may seek actual
damages against loan servicers who fail to comply.  12 U.S.C.
§ 2605(f).

Plaintiff's letters were not QWRs as defined by the statute.
The statute requires servicers, like American Home, to respond
promptly to requests "relating to the servicing" of loans.
Plaintiff's letters, however, alleged various violations and sought
documents associated with the loan's origination.  Even if her
letters were QWRs, her complaint states that American Home provided
her a response on June 3, 2009; this is within the sixty-day period
that a loan servicer must provide a borrower with a substantive
response.  Thus, to the extent there is a RESPA violation, it would
be based upon actual damage arising from American Home's failure to
acknowledge her April 20 letter within twenty days.  See id.
§ 2605(e)(1)(A).  Plaintiff did not plead facts showing that she
was actually damaged by American Home's failure to acknowledge her
purported QWRs.

Plaintiff seeks "rescission and penalties" for American Home's

7

alleged RESPA violation.  Although REPSA provides for monetary damages, see id. § 2605(f), it does not offer relief in the form of rescission.  Plaintiff did not cite any authority showing the contrary.

Accordingly, Plaintiff's RESPA claim for monetary damages is dismissed with leave to amend to allege facts showing that her letters were QWRs and that she suffered actual damage.  To the extent that this claim seeks rescission, it is dismissed with prejudice.

B.  Missing Documents

As in her TILA claim, Plaintiff alleges that several documents required by RESPA were not contained in the title company's file.  As above, this is insufficient to allege a RESPA claim for non-disclosure.  And, as American Home notes, even if Plaintiff properly alleged a claim for non-disclosure, her claim would be barred by RESPA's statute of limitations.  See 12 U.S.C. § 2614.  As noted above, Plaintiff cites King, which allows equitable tolling of RESPA's statute of limitations.  However, she has not plead facts supporting the application of equitable tolling.  Thus, this RESPA claim is dismissed with leave to amend to plead facts showing that American Home unlawfully withheld information in violation of RESPA and to allege facts supporting equitable tolling.  As above, to the extent that this RESPA claim seeks rescission, it is dismissed with prejudice.

III. ECOA Claim

Plaintiff asserts that American Home violated Regulation B, 12 C.F.R. pt. 202, which implements ECOA, because various documents are missing from the title company's file.  She does not identify

which portion of Regulation B American Home violated.  American

Home alleges that Plaintiff's action is time-barred.

Under 15 U.S.C. § 1691e, aggrieved applicants may bring

actions against any "creditor who fails to comply with any

requirement imposed" by the ECOA.  Courts may "grant such equitable

and declaratory relief as is necessary to enforce the requirements

imposed under" ECOA.  15 U.S.C. § 1690e(c).  However, actions under

ECOA by an individual must be brought "no later than two years from

the date of the occurrence of the violation."  Id. § 1691e(f).

Plaintiff did not oppose American Home's argument on this

point.  Accordingly, her claim under ECOA is dismissed with leave

to amend if she can remedy this deficiency.

IV.  GLBA Claim

Plaintiff asserts that a "Privacy Policy Notice" is not

contained in the title company's file, which she maintains is a

violation of the GLBA.  American Home argues that there is no

private right of action for an alleged violation of the GLBA.  See

Dunmire v. Morgan Stanley DW, Inc., 475 F.3d 956 (8th Cir. 2007).

Because Plaintiff did not respond to this assertion, her GLBA claim

is dismissed with prejudice.

V.  FACTA Claim

Plaintiff asserts that disclosures required by FACTA were not

contained in the title company's file.  Plaintiff alleges that

these documents must be provided by "brokers/lenders."  Compl.

¶ 12.  American Home asserts that Plaintiff's claim is untimely

because it was not brought within five years of the alleged

violation.  See 15 U.S.C. § 1681p.  Because Plaintiff did not

respond to American Home's argument, her FACTA claim is dismissed

1  with leave to amend if she can remedy this deficiency.

2  VI.  Injunction

3      Plaintiff asserts a claim for "injunction" and asks the Court

4  to enjoin the trustee's sale of her property.  She has not,

5  however, stated a basis on which the sale could be enjoined.

6  Further, her complaint is not clear on whether she seeks a

7  preliminary or permanent injunction.

8      If Plaintiff seeks a preliminary injunction, she must file a

9  motion for one and provide a basis for it to issue.  If she seeks a

10  permanent injunction, she must state a claim on which a permanent

11  injunction could be granted and plead for such relief as a remedy

12  for that claim.

13                          CONCLUSION

14      For the foregoing reasons, American Home's motion to dismiss

15  is GRANTED.  In sum,

16      1.   Plaintiff's TILA claim is dismissed with leave to amend

17           to plead facts showing that American Home and AHMSI

18           unlawfully withheld information in violation of TILA and

19           to plead facts that support equitable tolling.  To the

20           extent Plaintiff seeks rescission under this claim, the

21           Court dismisses that request with prejudice.

22      2.   Plaintiff's RESPA claim under 12 U.S.C. § 2605 is

23           dismissed with leave to amend to plead facts showing that

24           her letters were QWRs, to allege actual damage and to

25           plead facts supporting equitable tolling.  To the extent

26           Plaintiff seeks rescission under this claim, the Court

27           dismisses that request with prejudice.

28      3.   Plaintiff's RESPA claim for non-disclosure is dismissed

                              10

with leave to amend to plead facts showing that American
Home and AHMSI unlawfully withheld information in
violation of RESPA and to plead facts supporting
equitable tolling.  To the extent Plaintiff seeks
rescission under this claim, the Court dismisses that
request with prejudice.

4.   Plaintiff's ECOA and FACTA claims are dismissed with
leave to amend to plead facts that would show that her
claims are not barred by the relevant statutes of
limitations.

5.   Plaintiff's GLBA claim is dismissed with prejudice
because there is no private right of action under the
GLBA.

6.   Plaintiff's claim for "injunction" is dismissed with
leave to amend.  If Plaintiff's intention is to request a
preliminary injunction, she must file a motion to request
one.  If she intends to seek a permanent injunction, she
must state a claim on which a permanent injunction could
be granted and plead for such relief as a remedy for that
claim.

Plaintiff has fourteen days to file an amended complaint
addressing the abovementioned deficiencies.  Further, because it
does not appear that Plaintiff has asserted claims against
Fidelity, she must plead claims against it in an amended complaint
or omit its name from the caption.  If she fails to plead claims
against Fidelity but nonetheless names it as a defendant, the
complaint against it shall be dismissed with prejudice.  Plaintiff
shall serve her complaint on all Defendants within seven days of

filing. **Plaintiff's failure to comply with this order will result in the dismissal of her claims with prejudice.**

      IT IS SO ORDERED.

Dated: January 11, 2010

                                   CLAUDIA WILKEN
                                   United States District Judge

United States District Court
For the Northern District of California